Dear Mr. Burris:
This opinion is in response to your recent inquiry regarding whether or not it is proper for a police jury to expend public funds for the use of names and photographs of police jury members in advertisements for the individual parishes.
The laws applicable to the above question are found in LSA-R.S. 43:111 through 112. R.S. 43:111.1, enacted in 1968, provides the following:
§ 111.1 Advertisements paid for with public funds, restrictions
 No public funds shall be used in whole or in part for the payment of the cost of any advertisement containing therein the name of any public official whether elected or appointed; provided, however, that the provisions of this section shall in no case be construed to apply to advertisements or notices required or authorized by law to be published or to any advertisements placed by any public agency or body authorized by law to advertise in the furtherance of its functions and duties.
It is the opinion of this office that by the plain wording of the statute a police jury may not purchase with public funds advertisements containing the names and photographs of police jury members except if it is so authorized by law in furtherance of its functions and duties.
The powers, functions and duties of the police juries are found in R.S. 33:1236. R.S. 33:1236 (33) and (40) specifically authorize the police juries to advertise for the purposes set out therein, i.e. garbage collection contracts and industrial inducement.
R.S. 33:4873 authorizes police juries to spend their funds for advertising up to the amounts prescribed therein. Prior to the effective date of the Constitution of 1974, this statute had been interpreted to allow police juries to advertise in support of bond propositions and even in fair catalogues provided the advertisements were for a public purpose in the desecration of the police jury. Wilkinson v. Poag, 181 So. 27 (La.App. 1938); Op. Atty. Gen. March 1, 1966; Op. Atty. Gen. Oct 4, 1966; Op. Atty. Gen. 1940-42, p. 2180.
However, the statute must now be interpreted in light of Article XI, Section 4 of the new Constitution which provides:
 "No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use or public funds for dissemination of factual information relative to a proposition appearing on an election ballot."
It is the opinion of this office by reading R.S. 43:111.1in pari materia with Article XI, Section 4 of the new Constitution and with R.S. 33:1236 (33) and (40), and R.S.33:4873, that a police jury may not use public funds in whole or in part for the payment of the cost of advertisements about its parish containing the name or photograph of a police jury member.
In our opinion such advertisements would not be in furtherance of functions and duties for which advertising is authorized by law; nor would it be a permissible use of the amounts authorized in R.S. 33:4873 since it does not serve a public purpose. Such advertisements, in our opinion, also may be construed as the use of public funds to urge an elector to vote for a candidate. Such use of public funds is prohibited by the new Constitution.
If this office can be of any further assistance in this matter, please do not hesitate to contact us.
Yours very truly,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 By: ___________________________ DONALD ENSENAT Staff Attorney K.
DE:rm
State of Louisiana
DEPARTMENT OF JUSTICE Telephone: WILLIAM J. GUSTE, JR. Baton Rouge 504-342-7013 ATTORNEY GENERAL 70804